Charles O. Fritz and Marion Fritz v. Commissioner.
Fritz v. Commissioner
Docket No. 24114.
United States Tax Court
1950 Tax Ct. Memo LEXIS 283; 9 T.C.M. (CCH) 81; T.C.M. (RIA) 50029; February 3, 1950
*283 Marion Hirschburg, Esq., 300 1/2 Main St., Ames, Ia., and Rex B. Gilchrist, Esq., for the petitioners. Gene W. Reardon, Esq., for the respondent. JOHNSON
Memorandum Opinion JOHNSON, Judge: The Commissioner determined income tax deficiencies against petitioners of $83 for the calendar year 1946 and $358 for the calendar year 1947 by disallowing the claim of petitioners that in the sales by them of certain livestock within those years the profits from such sales were subject to the capital gains provisions of section 117 (j) of the Internal Revenue Code; the Commissioner having determined that such profits were ordinary income and taxable as such. All of the facts were stipulated and are so found. [The Facts] Petitioners are husband and wife with residence on Route 1, Grand Junction, Iowa. The joint returns of petitioners for each of the calendar years 1946 and 1947 were made on a cash receipts and disbursements basis and were filed with the collector of internal revenue for the district of Iowa. Petitioners in 1946 and 1947 operated a 284 acre farm in Greene County, Iowa, and realized farm income from the sale of hogs, cattle, horses, *284 grain, milk, eggs, poultry, etc., their chief source of income being from the sale of dairy products and hogs which they raised. For many years petitioners have maintained a herd of cattle for the production and sale of milk. This heard is maintained at approximately the same size from year to year by replacing the culls with young stock either raised by the petitioners or purchased by them for dairy purposes. Each year the cows and bulls in this herd which are no longer profitable for dairy purposes are selected and sold for slaughter or other purposes. Petitioners also for many years have maintained a herd of pure bred Duroc hogs for the production of swine for sale. Each year certain of the young pigs born that year would be selected and retained for breeding purposes. All other young pigs born that year would be fed and sold later for breeding or slaughter purposes. Each year certain of the sows and boars from the breeding herd are selected, because no longer profitable for breeding purposes, and sold. The petitioners, up to and including the year 1946 maintained 26 head in this breeding herd. During the year 1947 this number was cut to 17 head because of unprofitable feeding *285 conditions. In the year 1946, 13 sows were sold from the breeding herd, and 2 cows and a half interest in a bull were sold from the dairy herd. The following tables shows the pertinent facts pertaining to such sales: Acquired
Sold
Sale Price
Cost
Gain or Loss
1 cow
1943
1946
$ 182.40
Raised
$182.40
11 sows
1944
1946
756.83
Raised
756.83
2 sows
1944
1946
136.53
$197.50
(60.97) loss
1 cow
1942
1946
144.10
65.00
79.10
1/2 int. bull
7/5/44
1946
103.63
130.00
(26.37) loss
$1,323.49
$392.50
$930.99
Of this total gain of $930.99, 50 per cent or $465.50 was reported as taxable income. Petitioners reported as ordinary income from sale of other cattle the sum of $282.43, and other swine the sum of $8,111.90. Dairy products sold were in the sum of $1,503.05. In the year 1947, 17 sows were sold from the breeding herd, and 7 cows and 1 bull were sold from the dairy herd. The following table shows the pertinent facts pertaining to such sales: Gain
Acquired
Sold
Sale Price
Cost
Depreciation
or Loss
17 sows
1946
1947
$1,498.87
Raised
$1,498.87
1 cow
2 3/4 yrs.
10/16/47
110.00
Raised
$ 55.00
165.00
1 cow
1 1/2 yrs.
6/ 5/47
220.40
Raised
30.00
250.40
1 bull
7/16/46
10/15/47
298.50
$187.50
46.78
157.78
1 cow
1/10/41
3/10/47
173.00
62.50
39.00
149.50
1 cow
7/19/42
4/ 8/47
154.45
112.50
67.50
109.45
2 cows
1 3/4 yrs.
10/15/47
450.00
Raised
70.00
520.00
1 cow
2 1/6 yrs.
3/10/47
162.75
Raised
43.33
206.08
$3,067.97
$362.50
$351.61
$3,057.08
*286 Of this total gain of $3,057.08, 50 per cent or $1,528.55 was reported as taxable income. Petitioners reported as ordinary income from the sale of other cattle the sum of $658.72 and other swine the sum of $10,890.87. Dairy products were sold in the sum of $2,191.05. All livestock upon which petitioners claimed a 50 per cent capital gain were held by them for more than six months. In their 1946 and 1947 income tax returns petitioners, in computing their net income, included and treated as ordinary income their receipts from the sale of all dairy products, and the sale of all cattle and swine sold, save and except the sale of livestock removed from the dairy herd and the swine removed from the breeding herd, enumerated in the tables above, and upon these last mentioned petitioners included only 50 per cent of the profits derived from such sales, claiming that such profits were subject to the capital gains provisions of Section 117 (j) of the Internal Revenue Code. [Opinion] The Commissioner disallowed such claim and held that none of the sales made by petitioners were subject to the capital gains provisions of Sec. 117 (j), but that all of same was *287 ordinary income and taxable as such. The respondent, in support of his position, cites I. T. 3666, 1944 Cumulative Bulletin, page 270, and I.T. 3712, 1945 Cumulative Bulletin, page 176. Petitioners, in support of their contention, cite Albright v. United States, 173 Fed. (2d) 339; Fawn Lake Ranch Co., 12 T.C. 1139 and Isaac Emerson, 12 T.C. 875. Respondent concedes that the facts in the instant case are practically identical with those in the Albright and Emerson cases, and that the issue here is the same. We adhere to the holdings in those cases for the reasons there stated and sustain petitioners' contention and reject that of the Commissioner. To correct mathematical error, if any, in petitioners' income tax return, Decision will be entered under Rule 50.